19-4255-cr
United States of America v. Derrilyn Needham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of March, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    19-4255-cr

DERRILYN NEEDHAM, AKA INGRID,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

Appearing for Appellee:      Samuel P. Rothschild, Assistant United States Attorney (Thomas McKay, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of Court is directed to amend the caption to the above.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Derrilyn Needham appeals from a December 13, 2019 amended judgment of conviction in the United States District Court for the Southern District of New York (Pauley, *J.*). Needham argues that the district court procedurally erred by granting only a six-month reduction in her sentence following Needham's successful motion to vacate her conviction under 18 U.S.C. § 924(c). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Needham originally pled guilty to a sixteen-count indictment based on her participation in more than 40 robberies and attempted robberies between December 2001 and January 2004. Count Fourteen of that indictment charged Needham with possession of a gun in furtherance of Hobbs Act robbery conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2. In 2012, the district court sentenced Needham principally to 360 months' imprisonment, granting a downward departure from the then-applicable United States Sentencing Guidelines range of 660 months' to life imprisonment because of her substantial assistance. The district court instructed that this would run concurrent with a prior sentence of 120 months' imprisonment. In 2016, following the government's motion for a reduction in Needham's sentence based on additional substantial assistance, the district court again reduced her sentence from 360 to 160 months' imprisonment but instructed that it would run consecutive to the prior 120-month sentence, resulting in an effective total of 280 months' imprisonment.

Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the government consented to Needham's motion to vacate her conviction under Section 924(c), Count Fourteen of the indictment. The district court re-sentenced Needham on December 12, 2019 to 154 months' imprisonment, a six-month reduction. Combined with the prior sentence of 120 months' imprisonment, Needham was effectively re-sentenced to 274 months' imprisonment. Needham argues that the district court's six-month reduction constitutes procedural error because the district court failed to account for the fact that vacatur of the Section 924(c) conviction resulted in a significant decrease of the applicable Guidelines range—from 660 months' to life imprisonment to 360 months' to life imprisonment. According to Needham, the district court should have granted her request for a sentence of time served. We disagree.

We review criminal sentences for abuse of discretion. *United States v. McIntosh*, 753 F.3d 388, 394 (2d Cir. 2014). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider [18 U.S.C.] § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *Id.* (citation omitted). A district court should provide "the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), but we do not "prescribe any specific verbal formulations to demonstrate the adequate discharge of [this] duty." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (alteration and internal quotation marks omitted).

Here, the district court clearly articulated its reasons for granting a six-month reduction in Needham's sentence. It explained that Needham's argument regarding the change in Guidelines range following the vacatur of the Section 924(c) conviction had only "superficial appeal," App'x at 109, because the court had already granted a downward departure from the Guidelines range at Needham's original sentencing. It also correctly noted that the vacatur of the Section 924(c) conviction had no impact on Needham's prior 120-month sentence. In light of the serious nature of Needham's numerous crimes, the district court concluded that a sentence of time served would be "beyond the pale." App'x at 111. The district court correctly calculated the new Guidelines range, considered it along with Section 3553(a) factors, and granted a reduction that it viewed as appropriate. The district court committed no procedural error and did not exceed its discretion. *See Verkhoglyad*, 516 F.3d at 129 ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted)).

We have considered the remainder of Needham's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3